SIXTH DIVISION
JUNE 23, 2006

1-04-2600

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 80 C 3999 & 83 C 11761 |
| | ) | |
| ANDRE KELLEY, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | Eddie A. Stephens, |
| | ) | Judge Presiding |

JUSTICE TULLY delivered the opinion of the court:

Defendant, Andre Kelley appeals the second-stage dismissal of his postconviction petition in which he alleged that his life sentence is void in light of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S.Ct. 2348 (2000). Plaintiff, the People of the State of Illinois (the State), moved for dismissal of defendant's petition and on August 6, 2004, the circuit court granted the State's motion to dismiss. On appeal, defendant argues that the circuit court erred in dismissing his post-conviction petition because Apprendi applies retroactively to defendant's petition. For the reasons below, we affirm.

FACTS

At defendant's jury trial, the State presented evidence confirming that at approximately 2:30 a.m. on June 3, 1980, defendant entered the backseat of a taxi driven by Charles Lawson (the victim). Defendant instructed the victim to drive the taxi into an alley, at which time

defendant placed a gun to the back of the victim's head and stated, "this is a stickup." Defendant

observed another car blinking its headlights at the victim's taxi and he instructed the victim to

drive the taxi farther into the alley. After the victim drove the taxi to the end of the alley,

defendant instructed him to turn left. When the victim refused to turn left, defendant shot him in

the back of his head. The victim died as a result of the gunshot wound he sustained to the back

of his head. A jury found defendant guilty of murder and attempted armed robbery, and the

circuit court sentenced defendant to a term of natural life imprisonment.

Defendant appealed his conviction and argued, inter alia, that he was prejudiced when the

trial judge stated to potential jurors that he believed the evidence at trial would show that

defendant killed and attempted to rob the victim. On this basis, this court reversed defendant's

convictions and remanded the case for a new trial. People v. Kelley, 113 Ill. App. 3d 761

(1983).

A second jury trial commenced and defendant was again found guilty of murder and

attempted armed robbery. The circuit court found that defendant qualified for a sentence of life

imprisonment under both section 5--8--1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983,

ch. 38, par. 1005--8--1(a)(1)), which permits a life sentence if the murder was accompanied by

exceptionally brutal or heinous behavior indicative of wanton cruelty, and section 9--1(b)(6) of

the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9--1(b)(6)), which permits a

sentence of death if the murder was committed in the course of another felony. As such, the

circuit court sentenced defendant to life imprisonment for the murder and to a concurrent term of

14 years for the attempted armed robbery.

1-04-2600

Defendant filed a direct appeal of this conviction. On December 10, 1986, we affirmed defendant's convictions and sentence. People v. Kelley, 1--85--2571 (1986) (unpublished order under Supreme Court Rule 23).

On December 31, 1991, defendant filed a postconviction petition alleging that he was deprived of his sixth amendment right to effective assistance of counsel. The circuit court concluded that defendant's petition was frivolous and without merit and denied his post-conviction petition. On January 23, 1994, we affirmed the circuit court's dismissal of defendant's postconviction petition. People v. Kelley, 1--92--0897 (1994) (unpublished order under Supreme Court Rule 23).

On October 4, defendant filed a "Supplemental Petition for Post-Conviction Relief."  In his petition, defendant argued that his life sentence violated the United State Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S.Ct. 2348 (2000). On January 10, 2003, the counsel appointed to represent defendant filed a "Second Supplemental Petition for Post-Conviction Relief," in which he expanded defendant's Apprendi arguments.  On February 7, 2003, the State filed an amended motion to dismiss, and on August 6, 2004, the trial court granted to State's motion to dismiss. The dismissal of this "Second Supplemental Petition for Post-Conviction Relief" is the subject of defendant's timely appeal.

DISCUSSION

On appeal, defendant argues that his sentence of life imprisonment is unlawful under Apprendi v. New Jersey 530 U.S. 466, 147 L. Ed. 2d 435, 120 S.Ct. 2348 (2000) because the sentence was based on factors that were not proven to a jury beyond a reasonable doubt.

3

Defendant asserts that his sentence should be reduced to the maximum penalty authorized by the jury's verdict, which was 40 years. The State asserts that Apprendi does not apply retroactively to convictions that were final prior to the issuance of Apprendi by the United States Supreme Court. We agree with the State.

At defendant's 1985 jury trial, the jury returned a general guilty verdict for first degree murder and found defendant guilty of attempted armed robbery. At the time of the offense, Illinois law provided that an offender could be sentenced for first degree murder to a term of imprisonment of not less than 20 years but not more than 40 years (Ill. Rev. Stat. 1983, ch. 38, par. 1005 --8--1 (a)(1)), and the State did not seek imposition of the death penalty.

The jury's verdict authorized a maximum penalty of 40 years' imprisonment. The judge, relying on both section 5--8--1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005--8--1(a)(1)), which permits a life sentence if the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, and section 9--1(b)(6) of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, par. 9--1(b)(6)), which permits a sentence of death if the murder was committed in the course of another felony, sentenced defendant to life imprisonment for the murder and sentenced defendant to a concurrent term of 14 years' imprisonment for the attempted armed robbery.

On appeal, the State does not challenge defendant's contention that the death penalty could not be the prescribed statutory maximum sentence because the case was not a capital case and the trial judge did not make a valid death-eligibility finding under section 9--1(b)(6) of the Criminal Code. Ill. Rev. Stat. 1983, ch. 38, par. 9--1(b)(6). Therefore, the only issue on appeal is

whether Apprendi should apply retroactively to defendant's case because the aggravating factors considered by the judge in concluding defendant was eligible for enhanced sentencing were not submitted to the jury and proved beyond a reasonable doubt.

As stated, defendant asserts that his extended-term sentence violated the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S.Ct. At 2362-63..  In Apprendi, the United States Supreme Court held that the constitutional due-process and jury-trial guarantees required that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  Defendant asserts that the aggravating factors upon which his extended-term sentence was based were not proven beyond a reasonable doubt in violation of Apprendi.

In assessing defendant's argument that his extended-term sentence violated Apprendi, we must first addresses whether Apprendi applies retroactively to defendant, whose direct appeals had been exhausted well before the United States Supreme Court decided Apprendi in June 2000.  The Illinois Supreme Court has adopted the United States Supreme Court's decision in Teague v. Lane, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989) (plurality op.) as the appropriate test for determining when a new rule should apply retroactively.  See People v. Flowers, 138 Ill. 2d 218 (1990).  According to Teague, in general, new rules do not apply retroactively to cases on collateral review.  Flowers, 138 Ill. 2d at 239.  As an exception to the general rule barring retroactive application, retroactivity is appropriate when:

1-04-2600

" 'the new rule either (1) places certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe, or (2) requires the observance of those procedures that are implicit in the concept of ordered liberty.' " People v. De La Paz, 204 Ill. 2d 426, 434 (2003), quoting Flowers, 138 Ill. 2d at 237, citing Teague, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct. at 1073 (plurality op.).

In People v. De La Paz, 204 Ill. 2d 426, our supreme court applied Teague and assessed whether Apprendi applies retroactively. While defendant acknowledges that De La Paz was correctly decided, defendant contends that De La Paz is distinguishable and, as such, does not serve as a barrier to retroactive application of Apprendi in his case. We disagree.

In De La Paz, the defendant was convicted of armed robbery, armed violence, home invasion, and aggravated battery. De La Paz, 204 Ill. 2d at 429. The defendant was sentenced to a 55-year extended sentence for armed robbery and a concurrent 5-year sentence for aggravated battery. De La Paz, 204 Ill. 2d at 429. The defendant argued that his extended sentence should have been reversed because the trial court did not comply with Apprendi in sentencing him. De La Paz, 204 Ill. 2d at 431. As in defendant's present appeal, the issue before our supreme court was whether Apprendi applied retroactively to criminal cases in which direct appeals were exhausted before Apprendi was decided. De la Paz, 204 Ill. 2d at 433.

Applying the test for retroactivity provided by the United States Supreme Court in Teague, our supreme court held that Apprendi does not apply retroactively to criminal cases in which direct appeals were exhausted before Apprendi was decided. De La Paz, 204 Ill. 2d at 439.

6

In reaching its decision in <u>De La Paz</u>, our supreme court stated that the defendant did not argue that retroactive application of <u>Apprendi</u> was appropriate under the first <u>Teague</u> exception and noted that such an argument would not be persuasive if made. <u>De La Paz</u>, 204 Ill. 2d at 434. Our supreme court reasoned that retroactive application of <u>Apprendi</u> was not appropriate under the first <u>Teague</u> exception because "<u>Apprendi</u> did not 'decriminalize' [citation] any conduct." <u>De La Paz</u>, 204 Ill. 2d at 434. In an effort to clarify that the first <u>Teague</u> exception did not apply to cases in which appeals had been exhausted prior to the date on which <u>Apprendi</u> was decided, our supreme court stated that "if <u>Apprendi</u> is to be applied retroactively, it can only be because the rule announced in that case falls within the second <u>Teague</u> exception." <u>De La Paz</u>, 204 Ill. 2d at 434.

After confirming that <u>Apprendi</u> should not be applied retroactively pursuant to the first <u>Teague</u> exception, our supreme court then discussed whether <u>Apprendi</u> should be applied retroactively pursuant to the second <u>Teague</u> exception. <u>De La Paz</u>, 204 Ill. 2d at 434. Our supreme court concluded that, like the first <u>Teague</u> exception, the second <u>Teague</u> exception does not warrant retroactive application of <u>Apprendi</u> because an <u>Apprendi</u> violation does not involve "such constitutional 'bedrock' as to require retroactive application, [since] such error is potentially harmless." <u>De La Paz</u>, 204 Ill. 2d at 437.

Defendant contends that <u>De La Paz</u> is distinguishable because our supreme court's holding in that case was limited to the conclusion that <u>Apprendi</u> does not apply retroactively pursuant to the second <u>Teague</u> exception in that <u>Apprendi</u> did not represent a procedure that was " 'implicit in the concept of ordered liberty.' " <u>De La Paz</u>, 204 Ill. 2d at 434, quoting <u>Flowers</u>, 138

7

Ill. 2d at 237, citing Teague, 489 U.S. at 307, 103 L. Ed. 2d at 353, 109 S. Ct. at 1073 (plurality op.). Hence, defendant asserts that De La Paz did not address whether the first Teague exception should operate to provide retroactive application of Apprendi to cases such as defendant's. Contrary to defendant's contention that the holding in De La Paz was limited only to a conclusion that retroactive application of Apprendi was not appropriate under the second Teague exception, our supreme court's opinion in De La Paz stated that the broad issue before the court was "whether Apprendi should be applied retroactively to criminal cases in which direct appeals were exhausted before Apprendi was decided." De La Paz, 204 Ill. 2d at 433. The court concluded that "Apprendi should not be taken outside the general rule barring retroactivity." De La Paz, 204 Ill. 2d at 434. Furthermore, the court specifically stated that "if Apprendi is to be applied retroactively, it can only be because the rule announced in that case falls within the second Teague exception." De La Paz, 204 Ill. 2d at 434. In light of our supreme court's opinion in De La Paz, we cannot agree with defendant's contention that the holding in that case was limited to a conclusion that Apprendi does not apply retroactively pursuant *exclusively* to Teague's second exception. On the contrary, we believe that our supreme court's decision in De La Paz stands for the proposition that Apprendi should not be applied retroactively to any criminal cases in which direct appeals were exhausted before Apprendi was decided.

In addition to defendant's efforts to distinguish his case from our supreme court's decision in De La Paz, defendant also asserts that retroactive application of Apprendi to his case is appropriate pursuant to the United States Supreme Court's decision in Schriro v. Summerlin, 542 U.S. 348, 159 L. Ed. 2d 442, 124 S.Ct. 2519. (2004). Specifically, defendant asserts that while

the United States Supreme Court held in <u>Summerlin</u> that <u>Apprendi's</u> effect on Arizona's capital sentencing scheme was procedural, and therefore not subject to retroactive application of <u>Apprendi</u>, the fact that Illinois's aggravating factors did not need to be proven beyond a reasonable doubt at the time <u>Apprendi</u> was decided makes the effect on Illinois law substantive, and therefore subject to retroactive application of <u>Apprendi</u>. We disagree.

The United States Supreme Court in <u>Summerlin</u> was faced with the issue of whether its interpretation of <u>Apprendi</u> in its decision in <u>Ring v. Arizona,</u> 536 U.S. 584, 153 L. Ed. 2d <u>556</u>, 122 S. Ct. <u>2428</u> (2002), should apply retroactively to cases in which a defendant's conviction and sentence had become final on direct review before <u>Apprendi</u> was decided. <u>Summerlin</u>, 542 U.S. at 351, 159 L. Ed. 2d at 448, 124 S. Ct. at 2522. In <u>Ring</u>, the Court had decided <u>Apprendi</u> did not permit a judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty. <u>Ring</u>, 536 U.S. at 609, 153 L. Ed. 2d at 576-77, 122 S. Ct. at 2443.

The Court in <u>Summerlin</u> held that its interpretation of <u>Apprendi</u> in <u>Ring</u> should not be given retroactive effect to criminal cases in which direct appeals had been exhausted before <u>Ring</u> was decided. <u>Summerlin</u>, 542 U.S. at 358, 159 L. Ed. 2d at 453, 124 S. Ct. at 2526. In so doing, the Court reasoned that the fact that the judge, rather than the jury, had found the existence of aggravating factors beyond a reasonable doubt such that the death penalty was appropriate was not a situation in which there was an alteration of the range of *conduct* Arizona law subjected to the death penalty. <u>Summerlin</u>, 542 U.S. at 354, 159 L. Ed. 2d at 450, 124 S. Ct. at 2524. Rather, the Court opined that having the judge rather than the jury assess the aggravating factors merely

altered the range of permissible *methods* for determining whether a defendant's conduct was punishable by death. Summerlin, 542 U.S. at 355-56, 159 L. Ed. 2d at 451, 124 S. Ct. at 2525. The Court stated that the issue was "whether judicial factfinding so '*seriously* diminishe[s]' accuracy that there is an ' "impermissibly large risk" ' of punishing conduct the law does not reach." (Emphasis in original.) Summerlin, 542 U.S. at 355-56, 159 L. Ed. 2d at 451, 124 S. Ct. at 2525, quoting Teague, 489 U.S. at 312-13, 103 L. Ed. 2d at 357, 109 S. Ct. at 1076 quoting Desist v. United States, 394 U.S. 244, 262, 22 L. Ed. 2d 248, 263, 89 S. Ct. 1030, 1041(1969) (Harlan, J., dissenting). The Court held that there was legitimate disagreement over whether juries were better fact finders than judges and, therefore, the Court could not confidently state that judicial fact finding seriously diminished accuracy such that retroactive application of Apprendi was appropriate. Summerlin, 542 U.S. at 355-58, 159 L. Ed. 2d at 451, 124 S. Ct. at 2525.

Here, defendant argues that while the United States Supreme Court's decision in Summerlin held that Apprendi's effect on Arizona's capital sentencing scheme was procedural and, therefore, not subject to retroactive application of Apprendi under Teague, the effect of Apprendi on Illinois's sentencing scheme was substantive and, therefore, Apprendi should apply retroactively to defendant's case. Specifically, defendant emphasizes that under Arizona's sentencing scheme, the judge had to decide that the defendant was eligible for the death penalty by finding that the aggravating factors were present by a standard of "beyond a reasonable doubt," while in Illinois, defendant contends that the judge could enter an extended-term sentence if he found the existence of aggravating factors by a finding less than "beyond a

reasonable doubt." We cannot agree with defendant's assertion that <u>Summerlin</u> calls for retroactive application of <u>Apprendi</u> to defendant's case.

First, we note that the actual holding of <u>Summerlin</u> was that <u>Apprendi</u> and <u>Ring</u> announced new procedural rules that do "not apply retroactively to cases already final on direct review." <u>Summerlin</u>, 542 U.S. at 358, 159 L. Ed. 2d at 453, 124 S. Ct. at 2526. Also, we note that the holding in <u>Summerlin</u> was reached by addressing the constitutionality of Arizona's sentencing scheme and assessing whether <u>Apprendi</u> should apply retroactively to cases in which a judge rather than a jury made a decision regarding the existence of aggravating factors, the existence of which determined whether a defendant was eligible for the death penalty. <u>Summerlin</u>, 542 U.S. at 350, 159 L. Ed. 2d at 447, 124 S. Ct. at 2521. In his efforts to adapt the <u>Summerlin</u> opinion to the facts of his case, defendant fails to recognize that nothing in the <u>Summerlin</u> opinion suggests that the United States Supreme Court would have decided that case differently if the Arizona sentencing statute called for the judge to find the existence of the aggravating factors by some standard less than "beyond a reasonable doubt." In the absence of some suggestion in the Court's <u>Summerlin</u> opinion that the outcome would have been different if the statute at issue in that case had called for a finding of the aggravating factors by a standard less than "beyond a reasonable doubt," we are left only with our supreme court's opinion in <u>De La Paz</u> to guide our efforts to address defendant's petition for retroactive application of <u>Apprendi</u>.

Second, our conclusion that <u>De La Paz</u> controls this case is strengthened by our supreme court's decision in <u>Lucien v. Briley</u>, 213 Ill.2d 340 (2004), which was decided after <u>Summerlin</u>

11

1-04-2600

and in which our supreme court clearly stated that <u>Apprendi</u> was a procedural rule that "does not apply retroactively to cases in which the direct appeal process had concluded when <u>Apprendi</u> was decided." <u>Lucien</u>, 213 Ill.2d at 349. In light of both <u>De La Paz</u> and <u>Lucien</u>, we cannot accept defendant's argument that the United States Supreme Court's holding in <u>Summerlin</u> warrants retroactive application of <u>Apprendi</u> to Illinois's extended-sentencing scheme.

In sum, we confirm that the rule in Illinois is that "<u>Apprendi</u> does not apply retroactively to cases in which the direct appeal process had concluded when <u>Apprendi</u> was decided." <u>Lucien</u>, 213 Ill. 2d at 349, see also <u>De La Paz</u>, 204 Ill. 2d 426. In this case, defendant's direct appeals were exhausted before <u>Apprendi</u> was decided and, therefore, <u>Apprendi</u> does not apply retroactively to defendant's case. Accordingly, we affirm the circuit court's dismissal of defendant's postconviction petition.

McNULTY, P.J., and FITZGERALD SMITH, J., concur.